IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

SCOTT JACOBSON, *et al*.　　　　　　　　*
　　　　　　　　　　　　　　　　　　　　*
　　　　　　　　　　　　　　　　　　　　*
　　　　v.　　　　　　　　　　　　　　　* 　Case No.: 1:09-cv-562
　　　　　　　　　　　　　　　　　　　　*
　　　　　　　　　　　　　　　　　　　　*
COMCAST CORP., *et al*.　　　　　　　　*
　　　　　　　　　　　　　　　　　　　　*
　　　　　　　　　　　　　　　　　　*****

MEMORANDUM

Plaintiffs have filed a motion requesting that I enter final judgment in favor of Comcast Cable Communications Management, LLC or certify for interlocutory appeal the Opinion and Order I entered on September 28, 2010 granting summary judgment in favor of Comcast on the ground that Comcast is not a joint employer of plaintiffs. Plaintiff's motion will be denied to the extent that it requests that I enter a final judgment pursuant to Fed. R. Civ. P. 54(b) but will be granted to the extent that it requests that I certify my ruling for interlocutory appeal pursuant to 28 U.S.C. § 1292(b).

As to the Rule 54(b) certification, I find that the second factor set forth in *Braswell Shipyards, Inc. v. Beazer East, Inc.*, 2 F.3d 1331, 1335 (4th Cir. 1993), in determining whether a final judgment should be entered is dispositive. That factor is "the possibility that the need for review might or might not be mooted by future developments in the district court." *Id.* In this case it might ultimately be held that plaintiffs are not due any compensation under the Fair Labor Standards Act ("FLSA") as they claim or, if it is found that compensation is due to plaintiffs under the FLSA, their immediate employer may pay that compensation.

The question of whether I should certify an interlocutory appeal pursuant to 28 U.S.C. § 1292(b) is a close one. Under § 1292(b) three factors must be met in order for an interlocutory appeal to be certified: (1) the order involves a controlling question of law, (2) substantial ground for a difference of opinion exists, and (3) an immediate appeal to the order may materially advance the ultimate termination of the litigation.

Although Comcast argues to the contrary, in my view my ruling in favor of Comcast on the joint employer issue is one about which there is substantial ground for a difference of opinion. I am less clear about the other two factors set forth in § 1292(b). As I have indicated in denying plaintiff's motion for entry of a final judgment, it may be that the joint employer issue will be mooted if plaintiffs are determined not to be entitled to any compensation under the FLSA or, should they be found to be entitled to such compensation, if their immediate employer pays them whatever they are due. Nevertheless, although Comcast has implicitly waived its right in this regard by opposing plaintiff's motion, it would, if it is found to be a joint employer, have the right to participate in the litigation (including the conducting of discovery) on the question of whether plaintiffs are entitled to any compensation under the FLSA. Thus, at least theoretically, my ruling in favor of Comcast "does involve a controlling question of law."

The third factor, whether an interlocutory appeal may materially advance the ultimate termination of the litigation, is likewise not without doubt. On the one hand, the litigation may be terminated more quickly if plaintiffs are found not to be entitled to compensation under the FLSA or if any compensation to which they are entitled is promptly paid by their immediate employer. Thus, arguably an interlocutory appeal on Comcast's joint employer status may lengthen, not decrease, the amount of time in which this litigation might be terminated. On the other hand, plaintiffs have sought to be class representatives for a broad class of Comcast

2

employees and their ability to attain that status depends, in part, upon the ruling that I made in favor of Comcast on the joint employer issue. Therefore, it may that this litigation would be further complicated and delayed if it were determined that plaintiffs are entitled to compensation under the FLSA and attempt to use the resulting judgment in their favor as a basis for converting this action into a class action.

      I acknowledge that in the final analysis my decision to certify my September 28, 2010 Opinion and Order for interlocutory appeal may depend in part upon the *significance* and *importance* of the ruling I made in favor of Comcast on the joint employer issue both to this case and to similar cases that have been filed across the United States. Under § 1292(b) the significance and importance of the ruling is not relevant unless the ruling "involves a controlling question of law." That said, under § 1292(b) it ultimately falls within the discretion of the Court of Appeals to decide whether to permit an interlocutory appeal, and I have concluded that the Fourth Circuit should be afforded the opportunity to determine whether an interlocutory appeal in this case is appropriate.

Date:   December 29, 2010         \_\_/s/_____
                                                J. Frederick Motz
                                                United States District Judge